THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH NUNES, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 4674 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Marvin E. Aspen |
| COOK COUNTY, THOMAS J. DART in his | ) | |
| Official capacity as Sheriff of Cook County, | ) | |
| JOHN M. RABA, M.D., C.O.O. in his official | ) | |
| Capacity as the acting medical director of | ) | |
| Cermak Health Services of Cook County, | ) | |
| JOHN DOES 1-XX, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, COOK COUNTY and THOMAS J. DART ("Sheriff Dart"), by and through their attorney Anita Alvarez, through her Assistant State's Attorney Allison C. Marshall, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants submit their Answer, Affirmative Defenses and Jury Demand to Plaintiff's First Amended Complaint as follows:

**INTRODUCTION**

This action arises under the Eighth and Fourteenth Amendments to the United States Constitution, under federal law, specifically 42 U.S.C. § 1983, and under Illinois common law for negligence and willful and wanton misconduct.

**ANSWER:** Defendants admit Plaintiff brings this action pursuant to § 1983 and Illinois common law, however, Defendants deny that they violated any of Plaintiff's rights.

While the individual Defendants were acting in the scope of their employment and under color of state law, they ignored the medical needs of the Plaintiff that resulted in cruel and

1

unusual punishment. The Defendants' actions caused injury to the Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and venue is properly set in the United States District Court for the Eastern District of Illinois pursuant to 28 U.S.C. § 1391.

**ANSWER:** Defendants admit the allegations set forth in paragraph 1.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

**ANSWER:** Defendants admit the allegations set forth in paragraph 2.

3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

**ANSWER:** Defendants admit that Sheriff Dart resides in the judicial district, and Cook County is part of the judicial district. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3.

## I. PARTIES

### *Plaintiff*

4. Plaintiff, JOSEPH NUNES, is a citizen and resident of the City of Elk Grove, State of Illinois, County of Cook.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

### *Defendants*

5. Defendant, THOMAS DART in his official capacity as the SHERIFF OF COOK COUNTY, runs the Cook County Jail and the Cook County Department of Corrections and is the

employer of the individual correctional officers sued herein. Defendant, THOMAS J. DART, is the duly elected Sheriff of Cook County.

**ANSWER:** Defendants admit that Sheriff Dart is the elected Sheriff of Cook County and, as such, is responsible for the operations of the Cook County Department of Corrections. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5.

6. Defendant, JOHN M. RABA, M.D., is the C.O.O. and acting Medical Director of Defendant, CERMAK HEALTH SERVICES OF COOK COUNTY.

**ANSWER:** Defendants deny the allegations set forth in paragraph 6.

7. Defendant, COOK COUNTY, is a duly incorporated governmental entity in Illinois, and runs the health service for detainees at Cook County Jail under the name Cermak Health Services of Cook County.

**ANSWER:** Defendants deny the allegations set forth in paragraph 7 as stated.

8. Defendant, COOK COUNTY is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

**ANSWER:** Defendants admit that pursuant to 745 ILCS 10/2-102, Cook County may elect to indemnify any employee or former employee for any judgment, settlement, costs and attorneys' fees, with the exception of punitive or exemplary damages.

9. The following parties are unknown officers, agents, servants and/or employees of Defendants, COOK COUNTY, THOMAS J. DART, and JOHN M. RABA, M.D during the events complained of were correctional officers at "Dorm 2 F-Hourse" of the Cook County Jail, employees/agents of the Cook County Hospital and/or Cermak Health Services of Cook County.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10. At all times relevant hereto, the Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Cook County, Cook County Hospital, Cermak Health Services of Cook County and/or the Cook County Sheriff's Department, and within the scope of their employment with the Defendant institutions.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

## II. FACTS

11. On June 14, 2011, Plaintiff JOSEPH NUNES was present in Cook County, Illinois.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. On June 14, 2011, Plaintiff JOSEPH NUNES injured his hand at South Rockwell Street and west 21st Place in Chicago, Illinois.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. At this time, Plaintiff JOSEPH NUNES was transported by the Chicago Police Department to the 10th District Station of the Chicago Police Department.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14. On June 15 2011, the Plaintiff, JOSEPH NUNES, was transported by Defendant, THOMAS J. DART's, employees to Cook County Jail. The Plaintiff's hand was obviously injured.

4

**ANSWER:** Defendants admit that Plaintiff's hand was swollen. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15. On June 16, 2011, Defendant, THOMAS J. DART's, employees, Defendants, OFFICER JOHN DOES 1-XX, assigned Plaintiff JOSEPH NUNES to the top bunk in "Dorm 2 F-House", knowing of his severe injury and inability to use his hand.

**ANSWER**: Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15..

16. At approximately 2 a.m. Defendants, JOHN DOES 1-XX, took the Plaintiff to Cermak Health Services of Cook County, located at West Cermak Road and 28th Street in Chicago, Illinois, for x-rays of his clearly disfigured hand.

**ANSWER:** Defendants admit that Plaintiff was taken to Cermak, at the above stated location, for x-rays of his hand. Defendants deny that Plaintiff's hand was "clearly disfigured." Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16.

17. On June 16, 2011, Plaintiff, JOSPEH NUNES (sic), sat in Cermak Health Services of Cook County, Inmate Medical Ward and Plaintiff's hand was wrapped in an Ace Bandage. Up until this point, Plaintiff's hand was never wrapped and was extremely swollen from his injury and constantly being put in handcuffs.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. On June 17, 2011, Defendants, JOHN DOES I-XX, took Plaintiff JOSEPH NUNES to get his hand X-Rays at Defendant, Cermak Health Services of Cook County. At this time, the Cermak Health Services of Cook County and/or Cook County Hospital staff referred

5

the Plaintiff to an orthopedic surgeon. However at that time, the Plaintiff was not allowed to be transferred to the orthopedic surgeon.

**ANSWER:** Defendants deny that Plaintiff was not allowed to be transferred to the orthopedic surgeon. Defendants admit Plaintiff was taken to get x-rays at Cermak on June, 17, 2011 and that Plaintiff was referred to an orthopedic surgeon by Cermak personnel. Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18.

19. Going to the medical ward consists of one specific Correctional Officer taking a group from "Dorm 2 F-House" to the medical ward and one specific Correctional Officer picking up the group, no other Correctional Officer can escort the inmates.

**ANSWER:** Defendants deny the allegations set forth in paragraph 19.

20. During the June 17, 2011, trip to Cermak health Services of Cook County, Defendants, JOHN DOES 1-XX, lost Plaintiff, JOSEPH NUNES', identification card. This resulted in Plaintiff being left behind when the Correctional Officer picked up the "Dorm 2 F-House" group. The Plaintiff sat in the medical ward for fourteen hours without food or water.

**ANSWER:** Defendants deny that Plaintiff sat in the medical ward for fourteen hours without food or water. Defendants are without knowledge and information sufficient to form a belief as to the truth of the reminaing allegations set forth in paragraph 20.

21. Following the June 17, 2011, no Defendants ever took Plaintiff, JOSEPH NUNES, to an orthopedic surgeon.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22. Following the June 17, 2011, appointment at Cermak Health Services of Cook County, Plaintiff, JOSEPH NUNES, began making requests including two formal written

6

requests, of various Cook County Sheriff Officers, including Defendants, JOHN DOES I-XX, to be examined by a doctor. All requests were ignored and the deputies refused Plaintiff's requests, resulting in Plaintiff sitting for three weeks before he was taken to the doctor.

**ANSWER:** Defendants deny the allegations set forth in paragraph 22.

23. Plaintiff, JOSEPH NUNES', condition continued to deteriorate each day following the June 17, 2011, appointment. He continued making repeated requests to each of the Defendants, each day to be examined by a doctor. The Defendants continued to deny his requests.

**ANSWER:** Defendants deny the allegations set forth in paragraph 23.

24. Defendants, JOHN DOES I-XX, were responsible for the inmates in Dorm 2 F-House from June 15, 2011, until the charges were dropped against Plaintiff, JOSEPH NUNES, and his subsequent release on July 11, 2011.

**ANSWER:** Defendants are without knowledge and information sufficient to form belief as truth of the allegations set forth in paragraph 24.

25. Between June 15, 2011 and July 11, 2011 it was the duty of the Defendants' (sic), JOHN DOES I-XX, to complete rounds, during which it was their duty to check on the health, safety, and well being of all the detainees in Dorm 2 F-House, including Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 25 as stated.

26. During these periods, Plaintiff's condition was such that anyone observing him would have realized that Plaintiff needed urgent medical attention for his injury.

**ANSWER:** Defendants deny the allegations set forth in paragraph 26.

27. In breach of their duty, Defendants, OFFICER JOHN DOES I-XX, willfully, and wantonly, or with deliberate indifference, ignored the obvious and serious medical needs of Plaintiff.

7

**ANSWER:** Defendants deny allegations set forth in paragraph 27.

28. On July 6, 2011, Plaintiff, JOSEPH NUNES, went to John H. Stroger Hospital of Cook County at 1835 W. Harrison Street, Chicago, Illinois. The Plaintiff saw an Osteopathic resident, for X-Rays. The X-Rays revealed that the Plaintiff suffered a displaced fracture through the distal diaphysis right fifth metacarpal with soft tissue swelling at the fracture site. The resident was shocked that the Plaintiff had gone untreated for three weeks.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29. On August 31, 2011, Plaintiff, JOSEPH NUNES, returned to the hospital due to a prominent bump on the dorsum of his hand, continued pain, and decreased strength with finger flexion. At this appointment the Plaintiff scheduled surgery for September 21, 2011.

**ANSWER:** Defendants are without knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 29.

30. The failure of the Defendants to provide access to medical care for Plaintiff, JOSEPH NUNES, constituted complete, deliberate, willful and wanton, and criminal indifference to Plaintiff's serious medical needs.

**ANSWER:** Defendants deny the allegations set forth in paragraph 30.

31. As a direct and proximate result of the Defendant's willful and wanton conduct, or deliberate indifference, to Plaintiff, JOSEPH NUNES, serious medical needs, Plaintiff was caused to suffer great pain, mental anguish, and disfigurement.

**ANSWER:** Defendants deny the allegations set forth in paragraph 31.

## COUNT I – NEGLIGENCE – JOHN DOES I-XX

Defendants make no answer to the allegations contained in Count I because they are not directed to Cook County or Thomas J. Dart. In the event that the allegations contained in Count

8

I are deemed directed to Cook County or Thomas J. Dart, they deny each and every allegation set forth in Count I.

## COUNT II – NEGLIGENCE – COOK COUNTY

1-27. Plaintiff, JOSEPH NUNES, restates and re-alleges paragraphs four (4) through to and including thirty-one (31) of "Parties", and "Facts", as paragraphs one (1) through to and including twenty seven (27) of Count II as though fully restated here.

**ANSWER:** Defendants restate and reassert herein by reference their answers to paragraphs 4 through 31 above as their answers to paragraphs 1 through 27 in Count II as set out as paragraph 1-27.

28. Defendant, COOK COUNTY, owed a duty to exercise reasonable and ordinary care for the health and safety of persons in their custody, such as Plaintiff, JOSEPH NUNES, and to comply with the Jail policies and procedures.

**ANSWER:** Defendants deny the allegations set forth in paragraph 28 as stated.

29. Defendant, COOK COUNTY, by and through one or more of its actual or apparent agents committed one or more of the following negligent acts or omissions:

a. Failed to provide Plaintiff, JOSEPH NUNES, with medical care for a prolonged, unnecessary, and/or unreasonable period of time.

b. Failed and/or refused to follow Defendant's, CERMAK HEALTH SERVICES OF COOK COUNTY, physician referral to an appropriate physician.

c. Failed to properly monitor Plaintiff, JOSEPH NUNES', condition.

d. Ignored requests made by Plaintiff, JOSPEH NUNES.

e. Ignored the obvious injury suffered by Plaintiff, JOSEPH NUNES.

f. Did not give Plaintiff, JOSEPH NUNES pain medication.

**ANSWER:** Defendants deny the allegations set forth in paragraph 29 of Count II.

30. As a proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant, COOK COUNTY, Plaintiff, JOSEPH NUNES, suffered severe and permanent injuries that required and will continue to require the incurrence of significant medical bills for necessary medical care and treatment. As a further result, he was caused pain and suffering, loss of a normal life, lost wages, income, benefits and earning capability, disfigurement, an increased likelihood of future injury, and emotional/psychological trauma, all of which are expected to continue in the future on a permanent basis.

**ANSWER:** Defendants deny the allegations set forth in paragraph 30 of Count II.

### COUNT III – SECTION 1983 CLAIM – FOURTEENTH AND EIGHTH AMENDMENT CLAIM – THOMAS J. DART, SHERIFF OF COOK COUNTY

1-27. Plaintiff, JOSEPH NUNES, restates and re-alleges paragraphs four (4) through to and including thirty-one (31) of "Parties", and "Facts", as paragraphs one (1) through to and including twenty seven (27) of Count III as though fully restated here.

**ANSWER:** Defendants restate and reassert herein by reference their answers to paragraphs 4 through 31 above as their answers to paragraphs 1 through 27 in Count III as set out as paragraph 1-27.

28. The actions of the individual defendants, described above, whereby defendants were aware of but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Plaintiff, JOSEPH NUNES, and the substantial risk of serious injury, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's serious medical needs, thus violating the Fourteenth and Eighth Amendments of the United States Constitution.

**ANSWER:** Defendants deny the allegations set forth in paragraph 28 of Count III.

29. As a proximate result of one or more of these Constitutional violations committed with deliberate indifference, Plaintiff, JOSEPH NUNES, suffered severe and permanent injuries

that required and will continue to require the incurrence of significant medical bills for necessary medical care and treatment. As a further result, Plaintiff was caused pain and suffering, loss of a normal life, lost wages, income, benefits and earning capability, disfigurement, an increased likelihood of future injury, and emotional/psychological trauma, all of which are expected to continue in the future on a permanent basis.

**ANSWER:** Defendants deny the allegations set forth in paragraph 29 of Count III.

### COUNT IV – SECTION 1983 CLAIM – FOURTEENTH AND EIGHTH AMENDMENT CLAIM – JOHN DOES 1-XX

Defendants make no answer to the allegations contained in Count IV because they are not directed to Cook County, Thomas J. Dart, or John M. Raba. In the event that the allegations contained in Count IV are deemed directed to Cook County, Thomas J. Dart, or John M. Raba, they deny each and every allegation set forth in Count IV.

### COUNT V – 1983 ACTION (MONELL CLAIM) – AGAINST THOMAS DART in his official capacity as SHERIFF OF COOK COUNTY – FAILURE TO PROPERLY INSTRUCT, SUPERVISE, AND PROVIDE ADEQUATE HEALTH CARE

1-27. Plaintiff, JOSEPH NUNES, restates and re-alleges paragraphs four (4) through to and including thirty-one (31) of "Parties", and "Facts", as paragraphs one (1) through to and including twenty seven (27) of Count V as though fully restated here.

**ANSWER:** Defendants restate and reassert herein by reference their answers to paragraphs 4 through 31 above as their answers to paragraphs 1 through 27 in Count V as set out as paragraph 1-27.

28. The Constitutional violations detailed above were caused in part by the customs, policies, and practices of Defendant, SHERIFF OF COOK COUNTY, as promulgated, enforced, and disseminated by the official defendants, whereby the institutions and official defendants

11

charged with ensuring adequate health care commensurate with a civilized society, in this case and many other cases.

**ANSWER**:   Defendants deny the allegations set forth in paragraph 28 of Count V.

29.   These failures of Defendant, SHERIFF OF COOK COUNTY, include:

a.   Fostering and atmosphere at the Cook County Jail where correctional and medical personnel were encouraged to disregard serious medical needs of detainees;

b.   Knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable time frame, but (1) failing to provide any medical services in the night hours, (2) failing to have an adequate plan to respond to emergency medical needs, (3) failing to have a system in place so that medical requests of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner, (4) severely understaffing correctional officers at Cook County Jail, in violation of accepted practices and court orders, despite knowing that such understaffing greatly increases the chances that detainees' medical needs go untreated, (5) failing to correct serious safety problems such as broken video monitoring systems, despite knowing that such problems greatly increase the chances that detainees' serious medical needs go untreated.

c.   Consciously and/or with reckless disregard failed to follow the Cermak physician order concerning the referral of Plaintiff, JOSEPH NUNES, to an orthopedic surgeon after Plaintiff expressly requested to do so;

d.   Consciously and/or with reckless disregard failed to check Plaintiff's condition after June 17, 2011, when it knew or should have known Plaintiff was suffering from a broken hand.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 29 of Count V.

12

**COUNT VI – 1983 ACTION (MONELL CLAIM) – AGAINST COOK COUNTY FOR FAILURE TO PROPERLY INSTRUCT, SUPERVISE, AND PROVIDE ADEQUATE HEALTH CARE**

1-27.   Plaintiff, JOSEPH NUNES, restates and re-alleges paragraphs four (4) through to and including thirty-one (31) of "Parties", and "Facts", as paragraphs one (1) through to and including twenty seven (27) of Count VI as though fully restated here.

**ANSWER:**   Defendants restate and reassert herein by reference their answers to paragraphs 4 through 31 above as their answers to paragraphs 1 through 27 in Count VI as set out as paragraph 1-27.

28.   The Constitutional violations detailed above were caused in part by the customs, policies, and practices of Defendant, COOK COUNTY, as promulgated, enforced, and disseminated by the official defendants, whereby the institutions and official defendants charged with ensuring adequate health care commensurate with a civilized society, in this case and many other cases, including at least one other prior recent case of pretrial detainee being allowed to slowly die from meningitis while being denied any access to medical care.

**ANSWER**:   Defendants deny the allegations set forth in paragraph 28 of Count VI.

29.   These failures of Defendant, COOK COUNTY, include:

a.   Fostering and atmosphere at the Cook County Jail where correctional and medical personnel were encouraged to disregard serious medical needs of detainees;

b.   Knowingly failing to ensure that serious emergent medical needs of detainees could be treated in a reasonable time frame, but (1) failing to provide any medical services in the night hours, (2) failing to have an adequate plan to respond to emergency medical needs, (3) failing to have a system in place so that medical requests of detainees are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner, (4) severely understaffing correctional officers at Cook County Jail, in violation of accepted practices and court orders,

13

despite knowing that such understaffing greatly increases the chances that detainees' medical needs go untreated, (5) failing to correct serious safety problems such as broken video monitoring systems, despite knowing that such problems greatly increase the chances that detainees' serious medical needs go untreated.

  c. Consciously and/or with reckless disregard failed to follow the Cermak physician order concerning the referral of Plaintiff, JOSEPH NUNES, to an orthopedic surgeon after Plaintiff expressly requested to do so;

  d. Consciously and/or with reckless disregard failed to check Plaintiff's condition after June 17, 2011, when it knew or should have known Plaintiff was suffering from a broken hand.

**ANSWER:** Defendants deny the allegations set forth in paragraph 29 of Count VI.

### COUNT VII – 1983 ACTION (MONELL CLAIM) – AGAINST JOHN M. RABA FOR FAILURE TO PROPERLY INSTRUCT, SUPERVISE, AND PROVIDE ADEQUATE HEALTH CARE

Defendants make no answer to the allegations contained in Count VII because they are not directed to Cook County or Thomas J. Dart. In the event that the allegations contained in Count VII are deemed directed to Cook County or Thomas J. Dart, they deny each and every allegation set forth in Count VII

**AFFIRMATIVE DEFENSES**

NOW COME Defendants, COOK COUNTY and THOMAS J. DART, by and through their attorney Anita Alvarez, through her Assistant State's Attorney Allison C. Marshall, and assert the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks punitive damages in this action, such damages cannot be obtained against Defendants. Local governments and official capacity claims are immune from punitive damages liability under §1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). They are also immune to these damages for any state law liability under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-102.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff states a claim against Cook County for negligence. Pursuant to the Illinois Governmental and Governmental Employees Tort Immunity Act, Defendants cannot be held liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

**FOURTH AFFIRMATIVE DEFENSE**

Also under the Tort Immunity Act, neither a local public entity nor a public employee is liable for injury proximately caused by the failure to furnish or obtain medical care for a prisoner in custody unless the employee, acting within the scope of his employee, knows that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take

reasonable action to summon medical care. 745 ILCS 10/4-105. Where Plaintiff's injuries were not obvious to correctional officer and those officers did not willfully and wantonly fail to obtain medical care for Plaintiff, Defendants are immune from liability.

WHEREFORE, based on the foregoing, Defendants, COOK COUNTY and THOMAS J. DART, deny that Plaintiff is entitled to any damages. Defendants prays that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his First Amended Complaint and further requests that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully Submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By: */s/ Allison C. Marshall*
Allison C. Marshall
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Suite 500
Chicago, Illinois 60602
(312) 603-5444

16